ON MOTION FOR REHEARING.
 

 LATTIMORE, Judge.
 

 In his motion appellant stresses his objection to the testimony of Pitman that appellant told him he had left his family for four or more years prior to the conversation, and he insists that such evidence vas incompetent and hurtful. We have reviewed the matter in the light of this insistence and the qualification affixed by the court to bill of exceptions No. 8 presenting this complaint. Appellant on the witness stand contended that he tried to avoid the fatal difficulty with deceased and ascribed this action on his part to the fact that he had a family to support and, in effect, that he could not afford to have trouble. This would seem to be reasonable and commendable, if true, and because of this the State was allowed in rebuttal to prove by Pitman certain statements of appellant regarding his relation with Ms.family. Appel
 
 *565
 
 lant now makes the point that the language used by Pitman did not name appellant’s wife and children in that connection, but we observe that no such objection was made in the court below, and if then made the witness could have more fully explained whether appellant used the words “his folks” or his family or what. The bill shows that witness was asked if he had a conversation with appellant in regard to “his wife and family” and that he replied, “Well a little, not a great deal.” Asked to state what the conversation' was, witness Pitman replied: “I had a little conversation with him as to his family ... He said he and his folks could not get along and he decided to leave the whole bunch.” and further that he had left them some four or eight years before. We think this shows that appellant referred to his family and that the matter was of such materiality as to make the testimony of Pitman competent to rebut the statements made by appellant while on the witness stand.
 

 In seeking to have the law. of cooling time applied to the making of statements by him shortly after the fatal difficulty and relative thereto, appellant overlooks the law of res gestee based wholly on the proposition that what is said against interest by the participants in the transaction so closely related thereto in point of time, or by reason of stress of mind or excitement as to make it appear that the facts themselves speak through the mouths of the parties, thus becomes evidential.
 

 Paraphrasing the poem about the soldier of the Legion who lay dying in Algiers, by the State’s attorney so as to state in his address to the jury that a one-legged soldier of the Legion lay dying in Texas on San Jacinto day, would hardly seem reviewable by us.
 

 The bill of exceptions complaining of the remarks of State’s counsel in regard to appellant having deserted his wife, etc., is qualified by the statement of the trial judge to the effect that such remark was supported by the record and justified by what had been said in argument by appellant’s counsel. As so qualified the bill was accepted by appellant and thus becomes binding on us. So also of bill of exceptions No. 34 further complaining of the argument of the State. We cannot know what was said in argument by appellant’s counsel, and when the trial court qualifies the bill setting forth the objection to the argument of State’s counsel, certifying that it was in reply to what had been said by appellant’s counsel in his argument, and there is no objection to such qualification, this is tantamount to an agreement on the part of appellant that the statement made in the qualification is true.
 

 Being unable to agree with the contentions made by appellant, the motion for rehearing will be overruled.